NOTICE

Decision filed 08/13/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 240682-U

NOS. 5-24-0682, 5-22-0068 cons.

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Fayette County. |
| | ) | |
| v. | ) | Nos. 20-CF-175, 20-CF-175 |
| | ) | |
| ROBERT A. BRANHAM, | ) | Honorable |
| | ) | J. Marc Kelly, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CLARKE delivered the judgment of the court.
Justices Sholar and Hackett concurred in the judgment.*

**ORDER**

¶ 1    *Held*: Although the trial court conducted an adequate preliminary *Krankel* inquiry, it manifestly erred in concluding that the defendant failed to demonstrate possible neglect of the case. We therefore reverse the judgment denying the defendant further relief under *Krankel* and remand with directions that the trial court appoint independent counsel. Appointed counsel shall investigate the defendant's claims and take whatever action counsel deems appropriate. We express no opinion on the ultimate merits of those claims.

¶ 2    Following a jury trial, the defendant, Robert A. Branham, was convicted of five counts of criminal sexual assault. On direct appeal, we held that (1) the defendant's speedy trial rights were not violated, (2) the evidence was sufficient to prove his guilt beyond a reasonable doubt, and (3) there was no plain error as it related to the State's cross-examination of the defendant and

_____

*Justice Moore was originally assigned to the panel before his retirement. See *Cirro Wrecking Co. v. Roppolo*, 153 Ill. 2d 6 (1992). Justice Clarke was substituted on the panel and has read the briefs and listened to the oral argument recording.

1

closing argument. *People v. Branham*, 2024 IL App (5th) 220068-U[1]. We nevertheless remanded the cause for the limited purpose of conducting a preliminary inquiry, pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984), into the defendant's *pro se* posttrial allegations of ineffective assistance of counsel and expressly declined to reach the merits of the ineffective assistance claim raised in that appeal.

¶ 3　　On remand, the trial court conducted the required preliminary *Krankel* inquiry and concluded that the defendant's allegations either concerned matters of trial strategy or otherwise failed to warrant the appointment of independent counsel. The court therefore denied the defendant any further relief under *Krankel*. For the reasons that follow, we reverse and remand with directions that the trial court appoint independent counsel.

¶ 4　　　　　　　　　　　　　I. BACKGROUND

¶ 5　　At the outset, we note this case comes to us following remand for a preliminary *Krankel* inquiry. Accordingly, we recount only those facts necessary to resolve the issues presented in this appeal. For a more complete recitation of the underlying facts, see *Branham*, 2024 IL App (5th) 220068-U[2].

¶ 6　　On remand, the trial court conducted the preliminary *Krankel* inquiry on May 3, 2024. The defendant appeared *pro se* while in the custody of the Illinois Department of Corrections. Trial counsel was not present for the proceeding. After confirming that the defendant had previously asserted that trial counsel was ineffective, the trial court invited the defendant to explain the basis for his claims. The defendant identified numerous alleged deficiencies, including that counsel (1) failed to object to testimony concerning other crimes evidence and failed to object when the

---

[1]This order was filed under Illinois Supreme Court Rule 23 (eff. Feb. 1, 2023) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

[2]This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

State did not identify the purpose for introducing that evidence, (2) failed to request a limiting instruction regarding the other crimes evidence, (3) failed to adequately pursue medical evidence after obtaining continuances to investigate the victim's medical examination, including failing to subpoena the nurse examiner whose testimony defendant believed would have been favorable to the defense, and (4) failed to investigate potential witnesses who defendant claimed were present at Sportsman's Lake during one of the alleged incidents.

¶ 7    The trial court questioned the defendant regarding several of his allegations before concluding that the challenged decisions involved matters committed to counsel's professional judgment. The trial court explained that decisions concerning objections, witnesses, and trial strategy belong to defense counsel and characterized the defendant's allegations as speculative and conclusory. The trial court ultimately concluded that the defendant had failed to present a claim warranting the appointment of independent counsel or further proceedings under *Krankel*. The defendant filed a timely appeal.

¶ 8                                    II. ANALYSIS

¶ 9    On appeal, the defendant reasserts his argument that trial counsel rendered ineffective assistance by failing to object to testimony regarding other crimes evidence and failing to request a limiting instruction concerning that evidence. In the alternative, the defendant argues that the trial court erred in concluding, following the preliminary *Krankel* inquiry, that his allegations failed to demonstrate possible neglect of the case. Because we agree with the defendant's latter contention, we do not reach the merits of his ineffective assistance claim.

¶ 10    The defendant argues that, although the court permitted him to explain his allegations, it improperly concluded that several of his complaints reflected matters of trial strategy without first determining whether counsel adequately investigated the underlying issues. The State responds

3

that the trial court conducted an adequate preliminary inquiry and properly concluded that defendant's allegations either lacked merit or concerned strategic decisions that did not warrant appointment of independent counsel.

¶ 11    When a defendant raises a *pro se* posttrial claim of ineffective assistance of counsel, the trial court must conduct a preliminary inquiry into the factual basis of the claim. *People v. Ayres*, 2017 IL 120071, ¶ 11; *People v. Moore*, 207 Ill. 2d 68, 77-78 (2003). The purpose of the inquiry is narrow. It is designed to determine only whether the defendant has presented a potentially meritorious claim demonstrating possible neglect of the case sufficient to require the appointment of independent counsel. *Ayres*, 2017 IL 120071, ¶ 11; *People v. Jackson*, 2020 IL 124112, ¶ 97. If the trial court determines that the defendant's allegations lack merit or concern only matters of trial strategy, it may deny the claims without appointing counsel. *Moore*, 207 Ill. 2d at 78. However, if the allegations demonstrate possible neglect of the case, independent counsel must be appointed to investigate and present the defendant's claims. *Jackson*, ¶ 97.

¶ 12    During a preliminary *Krankel* inquiry, the trial court may rely upon its knowledge of counsel's performance at trial, question trial counsel regarding the defendant's allegations, question the defendant, or employ any combination of those methods. *Moore*, 207 Ill. 2d at 78-79. Where the trial court properly conducts a preliminary inquiry and reaches the merits of the defendant's claims, its decision is reviewed for manifest error. *Jackson*, 2020 IL 124112, ¶ 98. Manifest error is error that is clearly evident, plain, and indisputable. *Id.*

¶ 13    Here, the record reflects that the trial court conducted an adequate preliminary inquiry required by *Krankel*. The trial court allowed the defendant to fully explain each of his complaints, it asked follow-up questions concerning several allegations, and it considered the defendant's explanations before announcing its ruling. Accordingly, the procedural requirements of *Moore*

4

were satisfied. The question before us is whether the court manifestly erred in concluding that the defendant's allegations failed to demonstrate possible neglect of the case.

¶ 14     We need not determine whether every allegation the defendant raised warranted further proceedings, because we conclude that at least one did. The defendant asserted that trial counsel failed to pursue potentially favorable medical evidence after obtaining multiple continuances specifically to investigate that issue. The record supports several aspects of that allegation. Counsel advised the trial court that the nurse examiner's report could be favorable to the defense, requested repeated continuances to investigate the medical evidence or obtain an independent expert, identified the nurse examiner as a witness, acknowledged that she was "hostile to even speak with [counsel]," and informed the court that compulsory process might be necessary to obtain her testimony. Despite those representations, counsel never subpoenaed the nurse examiner, and no medical testimony was presented at trial.

¶ 15     We express no opinion regarding whether counsel ultimately rendered ineffective assistance or whether counsel possessed sound strategic reasons for not subpoenaing the nurse examiner. Those questions are not before us. Rather, the issue at this stage is whether the defendant's allegation demonstrated possible neglect of the case. Given the record before us, we cannot say that counsel's failure to subpoena the nurse examiner necessarily reflected trial strategy rather than a failure to complete the investigation counsel himself advised the court he intended to undertake. Under these circumstances, the defendant presented a claim sufficient to require the appointment of independent counsel.

¶ 16     Because the defendant established possible neglect with respect to at least one allegation, the trial court manifestly erred in declining to appoint independent counsel following the preliminary *Krankel* inquiry. Our conclusion makes it unnecessary to determine whether the

5

defendant's remaining allegations independently warranted appointment of counsel. Those allegations remain available for investigation by appointed counsel on remand, who may amend, supplement, or abandon them as counsel deems appropriate. See *Jackson*, 2020 IL 124112, ¶ 97. Accordingly, we reverse the trial court's judgment denying the defendant further relief under *Krankel*.

¶ 17                                        III. CONCLUSION

¶ 18    For the foregoing reasons, we reverse the trial court's judgment denying the defendant further relief under *Krankel* and remand with directions that the trial court appoint independent counsel to represent the defendant. Appointed counsel shall be afforded an opportunity to consult with the defendant, independently investigate his *pro se* claims of ineffective assistance of trial counsel, and take whatever action counsel deems appropriate. Following counsel's investigation, the trial court shall conduct such further proceedings as are required under *Krankel* and its progeny. Because we remand for the appointment of independent counsel, we express no opinion regarding the ultimate merits of the defendant's ineffective assistance claims.

¶ 19    Reversed and remanded with directions.